State of Nebraska ex rel. Counsel for Discipline of
the Nebraska Supreme Court, relator, v.
Lennox J. Simon, respondent.
___ N.W.2d ___

Filed December 20, 2013.    No. S-13-726.

Original action. Judgment of disbarment.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

The District of Columbia Court of Appeals disbarred
respondent, Lennox J. Simon. The Counsel for Discipline of
the Nebraska Supreme Court, relator, filed a motion for recip-
rocal discipline against respondent. We grant the motion for
reciprocal discipline and impose the same discipline as the
District of Columbia Court of Appeals.

## FACTS

Respondent was admitted to the practice of law in the State
of Nebraska on May 17, 1985. Respondent was also admitted
to the practice of law in the District of Columbia. On June
28, 2013, respondent was suspended from the practice of
law in the State of Nebraska for nonpayment of his Nebraska
State Bar Association dues. Respondent had been an inac-
tive member of the Nebraska bar for many years prior to
his suspension.

On August 1, 2013, the District of Columbia Court of
Appeals issued an order which disbarred respondent. See *In
re Simon*, 73 A.3d 107 (D.C. 2013). Respondent's case before
the District of Columbia Court of Appeals generally involved
his misappropriation of funds from the estate of an incapaci-
tated person.

On August 22, 2013, relator filed a motion for reciprocal
discipline pursuant to Neb. Ct. R. § 3-321 of the disciplinary
rules. On August 28, we filed an order to show cause as to
why we should not impose reciprocal discipline. Respondent
did not respond to the order to show cause. On September 23,

relator filed a response to the order to show cause, in which relator requested that we impose the same discipline as the District of Columbia Court of Appeals and enter an order disbarring respondent from the practice of law in the State of Nebraska. Relator also noted that respondent failed to respond to the order to show cause and to make a showing as to why he should not be disbarred.

## ANALYSIS

The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. *State ex rel. Counsel for Dis. v. Kleinsmith*, 285 Neb. 312, 826 N.W.2d 860 (2013). In a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction. *Id*. Based on the record before us, we find that respondent has engaged in misconduct.

Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

Section 3-321 of the disciplinary rules provides in part:

(A) Upon being disciplined in another jurisdiction, a member shall promptly inform the Counsel for Discipline of the discipline imposed. Upon receipt by the Court of appropriate notice that a member has been disciplined in another jurisdiction, the Court may enter an order

imposing the identical discipline, or greater or lesser discipline as the Court deems appropriate, or, in its discretion, suspend the member pending the imposition of final discipline in such other jurisdiction.

In imposing attorney discipline, we evaluate each case in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Walocha*, 283 Neb. 474, 811 N.W.2d 174 (2012). Respondent did not respond to the order to show cause filed on August 28, 2013, as to why we should or should not enter an order imposing the identical or greater or lesser discipline as imposed by the District of Columbia Court of Appeals, as we deem appropriate.

The order of the District of Columbia Court of Appeals disbarred respondent. Our record includes a "Report and Recommendation of the Board on Professional Responsibility," which found that respondent's misappropriation of funds was "reckless." The foregoing report was supported by an additional 42-page report entitled "Report and Recommendation of the Ad Hoc Hearing Committee," which described respondent's misconduct in detail. We take the determination of misconduct as found in *In re Simon*, 73 A.3d 107 (D.C. 2013), to be established herein. Accordingly, we grant the motion for reciprocal discipline and enter a judgment of disbarment.

## CONCLUSION

The motion for reciprocal discipline is granted. It is the judgment of this court that respondent should be and is disbarred. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by this court.

JUDGMENT OF DISBARMENT.